Filed 7/24/15  P. v. Barraza CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANCISCO ANTONIO BARRAZA,<br><br>    Defendant and Appellant. | F068358<br><br>(Super. Ct. No. F13902282)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Gomes, J. and Detjen, J.

Appellant Francisco Antonio Barraza pled no contest to attempted murder (count 3/Pen. Code, §§ 664, 187, subd. (a))[1] and he admitted a gang enhancement (§ 186.22, subd. (b)(1)) and a personal use of a firearm enhancement (§ 12022.53, subd. (b)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2013, Magdalena R. and her son, Julian, who was a Bulldog gang member, pulled into a parking spot at the Sunlite Market. Barraza, a Norteño gang member, pulled in next to them in a truck and he and Julian began exchanging words as Magdalena went inside the store. Magdalena heard several shots and returned outside to see that her vehicle had been shot two times and that the truck was leaving the area.

On March 10, 2013, officers located Barraza and immediately arrested him. The officers found a .32-caliber revolver during a search of his truck and 11 cartridges of .32-caliber ammunition during a search of Barraza's room.

During a post-custody interview, Barraza stated that he shot at Julian because Barraza is a Norteño gang member and he felt disrespected by him. According to Barraza, when he was coming out of the market Julian asked him, "What's up dog?" Barraza did not reply. However, when he got into his truck, Barraza shot at Julian five or six times. Barraza also claimed that he was only trying to scare Julian.

On March 23, 2013, the district attorney filed a first amended complaint charging Barraza with assault with a firearm (count 1/§ 245, subd. (a)(2)) and shooting at an occupied vehicle (count 2/§ 246). Count 1 alleged a personal use of a gun enhancement pursuant to section 12022.5, subdivision (a), and count 2 alleged a personal use of a firearm enhancement pursuant to section 12022.53, subdivision (c); both counts alleged a gang enhancement.

---

[1] All further statutory references are to the Penal Code.

On April 9, 2013, the district attorney amended the complaint to allege a count of attempted murder (count 3/§§ 664/187, subd. (a)) with a gang enhancement and an arming enhancement pursuant to section 12022.53, subdivision (b). Barraza then pled no contest to attempted murder as charged in count 3 and admitted the enhancements in that count in exchange for the dismissal of the remaining counts and enhancements and a stipulated term of 27 years.

At a hearing on May 21, 2013, retained counsel substituted in for Barraza's appointed counsel and filed a motion to withdraw plea on his behalf. In a supporting declaration attached to the motion Barraza alleged he was coerced into entering a plea. According to Barraza, in March 2013, appointed counsel, Richard Esquivel, handed him some documents and told him they were for his case. Esquivel left and although he said he would be returning, he did not. Barraza did not read the documents because he thought Esquivel was going to explain them to him. After about an hour, Barraza asked the guard what he should do with the documents. The guard told him to leave the documents with him and he would give them to Esquivel. When he got back to his cell Barraza wrote a letter to Esquivel asking Esquivel to bring the discovery to him or mail it to him, but Esquivel never answered him.

In April 2013, another public defender, Emily Takao, came to the preliminary hearing. She told Barraza there was a recording of his interview with the police and a surveillance video. Barraza asked her if he could hear and see this evidence but she would not allow him to.

Takao relayed the People's offer and told him that if he did not take the offer, he would receive a sentence of 80 years to life. Takao allegedly did not discuss Barraza's options with him or allow him to see the evidence against him.

After Barraza asked Takao if she could keep the offer open until another court date so he could discuss it with his parents, Barraza saw her walk over to the prosecutor. Barraza then heard the prosecutor say that if he did not take the offer that day it was not

3.

going to remain open. According to Barraza, he took the offer because he was pressured to do so without being allowed to consider it carefully or to consider his options to fight the case.

On July 31, 2013, the court heard and denied Barraza's motion to withdraw his plea.

On September 6, 2013, the court sentenced Barraza per his negotiated plea to an aggregate term of 27 years, the middle term of seven years on his attempted murder conviction, a 10-year gang enhancement, and a 10-year arming enhancement.

On November 7, 2013, the court denied Barraza's request for a certificate of probable cause.

Barraza's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a letter to the court filed on July 23, 2014, Barraza appears to contend that the trial court erred when it denied his motion to withdraw plea. Pursuant to section 1237.5, a defendant who does not obtain a certificate of probable cause may not challenge the validity of his or her plea on appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.) Since the court denied Barraza's request for a certificate of probable cause, his challenge to the court's denial of his motion to withdraw his guilty plea is not cognizable on appeal.

Further, following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.